Argued February 15, affirmed March 5, rehearing denied April 9, 1918.

## FURUSET *v.* AABY.

(170 Pac. 1180; 171 Pac. 1054.)

**Reformation of Instruments—Mistake—Sufficiency of Evidence.**

1. In action to reform a deed, grantor *held* not to establish by a preponderance of the evidence that grantee agreed to assume certain liens and that such agreement had been left out of the deed through mistake.

> [As to causes and proceedings for reformation of instruments, see note in 65 Am. St. Rep. 481.]

#### ON PETITION FOR REHEARING.

**Reformation of Instruments—Mistake—Burden of Proof.**

2. In an action to reform a deed, the burden of proof is on grantor to substantiate his complaint and to show that there was a mutual mistake, and that the conveyance executed by him to grantee was not in accordance with the agreement of the parties.

From Lane: FRANK M. CALKINS, Judge.

Department 1.

The substance of the complaint in this case is that, on May 11, 1915, plaintiffs were the owners of certain real property in the City of Eugene and on that day entered into an agreement with defendant A. A. Aaby to exchange the same for certain other lands; that plaintiffs' property was then encumbered with certain liens for street improvements which were to be assumed and paid by Aaby or his assigns; that on July 3, 1915, pursuant to such agreement defendants executed a deed to plaintiffs for their land and in exchange therefor plaintiffs executed a deed to Marie R. Aaby, the assignee of A. A. Aaby, of the Eugene property; that by mistake such conveyance contained a covenant to the effect that the property was free from encumbrances and failed to provide for the payment of the liens by the grantee, and the prayer is that the deed be reformed accordingly.

The answer denies the allegations of the complaint and pleads affirmatively that defendants are husband and wife and that on July 3, 1915, defendant Marie R. Aaby was the owner in fee of a quarter-section of land which is described; that on that day she and plaintiffs entered into a verbal agreement whereby plaintiffs were to convey to her the Eugene property free from all liens and encumbrances by warranty deed in exchange for her quarter-section of land; that the exchange was duly made and that defendant A. A. Aaby joined Marie R. Aaby in the execution of her deed for no other reason than to dispose of his estate by the curtesy.

A reply having been filed a trial was had resulting in a decree for defendants, and plaintiffs appeal.

AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Charles A. Hardy* and *Mr. Oscar Furuset.*

For respondents there was a brief with oral arguments by *Mr. H. E. Slattery* and *Mr. W. G. Martin.*

BENSON, J.—1. There is much conflict in the evidence upon material issues, but out of it all we think the following facts are fairly well established: Plaintiffs who are husband and wife owned certain real property in Eugene, and Mrs. Aaby owned a timber claim of approximately 160 acres, not as assignee of A. A. Aaby, but as patentee from the United States. On May 11, 1915, the two husbands entered into a written agreement for the exchange of these properties whereby it was stipulated that the city property was encumbered with two liens for street improvements, that half the

taxes for 1914 were unpaid and that Furuset's deed should warrant the premises as free from all encumbrances except these which were to be assumed and paid by the grantee. The timber claim was unencumbered except by the taxes for the current year which were to be paid by Furuset. This contract was entered into without the knowledge of Mrs. Aaby and so far as the record discloses she did not learn about it before the middle of June and then she was so reluctant to dispose of her timber land that her husband deemed it necessary to send a lawyer to her to urge a compliance with his agreement and to threaten her with a suit for divorce in the event of her refusal. On July 3d, she went to the office of her husband where she met Hans Furuset, who then tendered her a deed conveying the city property to her and her husband and containing a recital to the effect that the grantees expressly assumed all liability for the liens referred to. It is conceded by all concerned that she promptly rejected this conveyance, as she says, because the timber land was her separate property and that therefore her husband should not be named as a grantee, and also because she refused to accept a deed which imposed liability upon her for the liens. In this contention she is supported by her husband. Mr. Furuset says that she did not refer to the encumbrances. The two men then took the deed to a bank where Mr. Bristow advised them to draw a line through the name of A. A. Aaby and that the instrument would then be all right. They returned to Mrs. Aaby with this report, who still refused to accept it, saying that in the event of future trouble, her husband might be moved to assert that she had scratched his name out. The three then went to the office of Mr. Wheeler, an attorney, who advised that a new deed should be drawn, as the erasure did

not look good.   Mr. Wheeler testifies that while they were in his office, "she said repeatedly, 'I want to know that I am getting a good title and all clear.'" However, he was engaged in other work at the time so they went to the office of Mr. Martin, another attorney, where Mr. Furuset handed the deed to him and directed him to make a new one, omitting the name of A. A. Aaby.   Here, again, according to her own evidence and that of her husband and Martin, she reiterated that she would not accept a deed subject to the liens, and Martin thereupon wrote the instrument without mentioning them.   Plaintiffs' witnesses all contradict this line of testimony and insist with equal force that she made no objection except to the insertion of her husband's name as a grantee.   There is nothing in the record tending to prove that her husband was her agent for the disposition of her land and therefore the written agreement of May 11th is not to be considered.   We cannot by any line of reasoning reconcile the conflicting testimony of the opposing witnesses.   We have had no opportunity of seeing those who testified or observing their demeanor upon the witness-stand, and are therefore obliged to agree with the trial court in holding that the plaintiffs have not established their contention by a preponderance of the evidence.   It follows that the decree should be affirmed and it is so ordered.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.

Denied April 9, 1918.

## On Petition for Rehearing.

(171 Pac. 1054.)

*Mr. Charles A. Hardy* and *Mr. Oscar Furuset,* for the petition.

*Mr. H. E. Slattery* and *Mr. W. G. Martin, contra.*

Department 1.

BEAN, J.—2. Upon a petition for rehearing we have again carefully read all the evidence in the case, the statement of which is found in the former opinion, Vol. 5, No. 1, Oregon Decisions, p. 59. The only question involved is one of fact as to whether the minds of the contracting parties met, constituting a contract other than as expressed in the deed of conveyance which plaintiff seeks to have reformed. The cause of the misunderstanding appears to be that plaintiff, Mr. Furuset, had his conversation largely with Mr. Aaby, the husband of Maria R. Aaby, the owner of the land described in the conveyances of which plaintiff complains. There is no testimony whatever showing that Mr. Aaby was the authorized agent of Mrs. Aaby. When Mrs. Aaby appeared upon the scene the evidence of plaintiff himself upon cross-examination (Transcript of Test., p. 16) tends to show that she complained of the first draft of the deed tendered by plaintiff to her on account of the title. In answer to the question, "What did Mrs. Aaby say to Mr. Wheeler about the abstract of title in your presence?" he stated, "Then when we had talked to Mr. Wheeler, she bobbed up and said something about the encumbrances and all those things, and Mr. Aaby said to her, 'Everything is all right.'"

When the parties went to the office of Mr. A. E. Wheeler, an attorney of thirty-five years' experience in conveyancing, for the purpose of having the first draft of the deed corrected, according to the testimony of Mr. Wheeler, who is an entirely disinterested witness, Mrs. Aaby said repeatedly, "I want to know that I am getting a good title and all clear." The evidence on her part shows that she insisted that she did not want property with a "mortgage" on it as she termed the liens which the plaintiff declares she assumed and agreed to pay. The burden of proof is on the plaintiff to substantiate his complaint and to show that there was a mutual mistake; and that the conveyance executed by plaintiff to defendant, Mrs. Aaby, was not in accordance with the agreement of the parties. He has not shown by a preponderance of the evidence that Mrs. Aaby agreed to assume the liens on the property deeded to her in making the exchange.

The former opinion is adhered to and the motion for rehearing is denied. REHEARING DENIED.

MCBRIDE, C. J., BENSON and BURNETT, JJ., concur.